## BURLINGHAM v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
September 11, 1929.

No. 8435.

Paul J. Thompson, of Minneapolis, Minn. (Thompson, Hessian & Fletcher, of Minneapolis, Minn., on the brief), for appellant.

J. H. Fraine, Regional Attorney, U. S. Veterans' Bureau, of Minneapolis, Minn. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

DEWEY, District Judge. The appellant, Lewis P. Burlingham, seeks a pronouncement of the United States court that as a worker in the Young Men's Christian Association during the World War, he was an enlisted man in the Army of the United States.

His petition in substance alleges:

That he is a resident of the state of Minnesota. That during the World War he enlisted in the service of the Y. M. C. A. for overseas service, and that he entered the service of said association on May 15, 1918. That he was sent to France and served with military forces of the United States as secretary of the Y. M. C. A. at various places until February 9, 1919, when, having finished his service in France, he returned to America and was discharged.

That during the period he was in the service of the Y. M. C. A., and especially while he was in France, he was not a civilian but was militarized and subject to all the rules, regulations, and orders which applied to soldiers in the zone of the armies, and by reason thereof he should be regarded, and was so regarded during that time, as an enlisted man in the Army of the United States.

That by a decision rendered by the Mixed Claims Commission on August 13, 1926, Hon. Edwin B. Parker, as umpire, ruled and adjudged that enlisted men of the Y. M. C. A. serving with the A. E. F. were engaged in activities aimed at the direct furtherance of military operations against Germany and hence cannot be held to have been "civilians" or a part of the "civilian population" of the United States "within the meaning of the treaty" of Berlin, and consequently were not entitled to recover as against Germany losses of personal effects during such active service in the Y. M. C. A. And that by reason of this decision the United States is estopped from asserting other than that members of the Y. M. C. A. in active service with the A. E. F. were not enlisted men in the army of the United States government during the World War.

He further alleges: That he is entitled to war risk insurance by virtue of the War Risk Insurance Acts of Congress (38 Stat. 711, as amended), and particularly by section 400 of the amendment of the War Risk Insurance Act approved October 6, 1917 (40 Stat. 409), providing that every enlisted man when employed in active service under the War Department was entitled to war risk insurance. That notwithstanding this act the officers or agents of the United States government have taken the position that members of the Y. M. C. A., even though they served with the A. E. F., were not entitled to war risk insurance.

By an action of Congress holders of war

risk insurance who had allowed their policies to lapse were entitled to reinstate the same by making application prior to July 2, 1927. That in pursuance to said act and in view of the decision of Judge Parker, this petitioner on the 17th day of June, 1927, duly filed in the office of the United States Veterans' Bureau at Washington, D. C., a petition claiming that he was entitled to the benefits of the war risk insurance and asking for reinstatement. That on the 17th day of June, 1927, the Director of the Veterans' Bureau refused said petition and refused to allow petitioner to share in the benefits of said act.

On the strength of this statement he asks this court (1) to determine the status of petitioner as an enlisted man in the Army of the United States during the war with Germany, and (2) to decree that petitioner is entitled to share in benefits of war risk insurance, and to direct the Veterans' Bureau to issue insurance to him. And (3) for such further relief as to the court may seem just and equitable.

The District Court sustained a motion to dismiss plaintiff's petition and cause of action on the grounds: (1) That the court was without jurisdiction, and (2) that the facts alleged did not constitute a cause of action. Hence, this appeal.

█ Appellant's complaint is, to say the least, unusual, and we are unable to find any rule or statute conferring jurisdiction on the United States courts to adjudge and determine the matters requested by appellant.

The laws of the United States relating to war risk insurance did grant to their commissioned officers and enlisted men and to every member of the Army Nurse Corps (female) and of the Navy Nurse Corps (female), when employed in active service under the War Department or Navy Department, insurance against death or total permanent disability.

Section 400 of the act relied upon by plaintiff in his petition provided that officers and enlisted men, employed in active service under the War Department upon application to the Bureau and without medical examination, were entitled to insurance on the payment of premiums as therein provided. However, in order to secure the benefits of the act a qualified person must apply for such insurance within 120 days after enlistment or after entrance into or employment in the active service and before discharge or resignation.

The petitioner does not claim that he made any application for insurance within 120 days after enlistment or before his discharge from the service. He only claims that he made an application for reinstatement. He could not be reinstated unless he was previously insured.

No allegation of his complaint, therefore, brings him within the terms of the act entitling him to insurance, even though he were qualified as an officer or enlisted man in active service under the War Department. Neither does he offer or tender a premium on any such insurance.

Appellant's complaint then, and the prayer for relief, are resolved into an application to this court to determine and declare that he was an enlisted man in the Army of the United States during the war with Germany.

Courts of equity deal only with property rights and the maintenance of obligations between citizens which affect them. Re Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402.

They will not deal with matters of an executive or political nature, nor do they interfere with the duties of any department of government unless absolutely necessary to maintain and protect the rights of property. Simpkins, Federal Practice, p. 297.

And the government cannot be sued except on those claims which are specially authorized by statute. U. S. v. McLemore, 4 How. 286, 11 L. Ed. 977.

The United States District Court is a court of general jurisdiction, but such jurisdiction is limited to those controversies and actions specially authorized. U. S. v. Clarke, 8 Pet. 436, 8 L. Ed. 1001.

The complainant sets out no grounds which he claims are jurisdictional facts.

The only section under which complainant claims there might be jurisdiction to determine his question is section 405 of the War Risk Insurance Act (40 Stat. 410). This section does confer upon the United States court jurisdiction to determine disagreements as to claims under a contract of insurance between the Bureau and any beneficiary or beneficiaries thereunder, but it does not confer jurisdiction on the court to consider a claim that did not arise from a contract of insurance.

The decision of Judge Parker could not in any way bind the government of the United States, even though it were applicable to the facts in this case. U. S. v. Loveland, et al. (C. C. A.) 25 F.(2d) 447.

This court has no jurisdiction of the subject of the action, and especially to grant the relief sought by complainant; and the action of the trial court in sustaining the mo-

tion to dismiss on the ground that it was without jurisdiction to hear and determine the matters involved is affirmed.