## UNGER v. UNITED STATES.

### Civ. No. 764–D.

District Court, E. D. Illinois.

July 12, 1948.

John Unger, of Danville, Ill., for plaintiff.

William Hart, U. S. Atty., of Danville, Ill., for defendant.

LINDLEY, District Judge.

The subject matter of this complaint arises under the National Service Life Insurance Act of 1940, as amended by the Insurance Act of 1946, 38 U.S.C.A. § 801 et seq.

The complaint avers that complainant, after being honorably discharged from the army in 1941, reenlisted in June, 1944 and was again honorably discharged in January, 1946; that on April 21, 1946,

complainant was observed to have several masses in his neck, which were diagnosed as "Hodgkin's Disease"; that complainant applied for a pension, which was granted in July, 1947, for service connected disability of 60% for Hodgkin's Disease; that thereafter on July 28, 1947, complainant applied for $10,000 National Service Life Insurance, paying the monthly premium then and for several months thereafter; that on February 2, 1948, complainant was notified by the Veterans' Administration that his application could not be accepted, the rejection being based upon a determination that for insurance purposes his disease had not been incurred in or aggravated by military service. Complainant alleges that the refusal to accept the application was arbitrary and unlawful. He prays a declaratory judgment that he is entitled to be granted the insurance; that he is suffering from Hodgkin's Disease; that said disability is less than total in degree and resulted from or was aggravated by active military service between October 8, 1940 and September 2, 1945. The complaint avers that the application for insurance was an original one, but in his brief, complainant states that he was seeking to have a former policy reinstated.

Complainant's claim that he is entitled to the insurance is based on Title 38 U.S.C.A. § 802(c) (2), a new paragraph added in 1946 as follows: "* * * Any individual who has had active service between October 8, 1940, and September 2, 1945, both dates inclusive, shall be granted such insurance upon application therefor in writing * * * and evidence satisfactory to the Administrator showing such person to be in good health at the time of such application. In any case in which application for life or disability insurance or for reinstatement of such insurance is made prior to January 1, 1950, the Administrator shall not deny, for the purposes of this section * * * that the applicant is in good health because of any disability or disabilities, less than total in degree, resulting from or aggravated by such active service * * *."

Thus the Administrator has found for pension purposes that complainant has a service connected disability, but that for insurance purposes, the disability is not service connected. Complainant contends that this results in a prima facie case of arbitrary action.

Defendant takes the position that the Administrator's decision was final and not subject to judicial review, and, further, that the United States has not given its consent to be sued in a declaratory judgment action. This calls for consideration of the following sections appearing in Title 38 U.S.C.A.:

Section 808, as amended in 1946. (The words in parentheses were dropped, and the italicized words were added by the 1946 amendment.) "* * * Except in the event of suit as provided in section 817 of this title, *or other appropriate court proceedings,* all decisions rendered by the Administrator under the provisions of this chapter, or regulations *properly* issued pursuant thereto, shall be final and conclusive on all questions of law (and) *or* fact, and no other official (or court) of the United States, *except a judge or judges* of United States courts, shall have jurisdiction to review (by motion or otherwise) any such decisions."

Section 817, as amended in 1946. "In the event of disagreement as to any claim arising under this chapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title."

Section 445. "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies * * *."

Section 445, in effect since 1924, had been construed to mean that no action lies against the United States except one brought upon a policy which had not lapsed and needs no reinstatement. Meadows v. United States, 281 U.S. 271, 50 S.Ct.

279, 74 L.Ed. 852, 73 A.L.R. 310; Taft v. United States, 2 Cir., 127 F.2d 876; Burlingham v. United States, 8 Cir., 34 F.2d 881. Thus, prior to the 1946 amendment of Section 808, this court would not have had jurisdiction of this case because it does not involve a disagreement as to a contract of insurance. Therefore, the question narrows down to whether Section 808 enlarged the field of judicial review to include cases such as the one at bar.

The language in Section 808 is far from explicit. The only help I have concerning its construction appears in the recent Supreme Court case of United States v. Zazove, 68 S.Ct. 1284, 1288. In that case the court was called upon to determine whether a Veterans' Administration regulation was in accord with a proper construction of a section of the National Service Life Insurance Act. After pointing out that the administrator's power to issue regulations was limited by statute to such regulations as were not inconsistent with the provisions of the Insurance Act, Chief Justice Vinson said: "Moreover, a 1946 amendment to § 608 (Sec. 808 of Title 38), designed to eliminate the finality of the decisions of the Administrator on insurance matters, amended the last sentence of § 608 to add the words set out in italics: 'Except in the event of suit as provided in section 617 hereof, *or other appropriate court proceedings,* all decisions rendered by the Administrator under the provisions of this Act, or regulations properly issued pursuant thereto, shall be final and conclusive on all questions of law or fact, and no other official of the United States, *except a judge or judges of United States courts,* shall have jurisdiction to review any such decisions.' The extension of procedures available to secure judicial review, the interpolation of the word 'properly,' and the addition, presumably out of an abundancy of caution, of the tautological phrase 'except a judge or judges of United States courts' are indicative of congressional concern that the regulations of the Veterans' Administration be subject to more than casual judicial scrutiny when they are based upon a controverted construction of the statute."

In argument, the Government disposes of the Zazove case with the statement that it can be of no aid here because no construction of a statute is involved in the ruling of the Veterans' Administration rejecting complainant's application for insurance. This does not seem to me a correct assumption. In passing on complainant's application the Administrator necessarily had to construe Section 802(c) (2), and in doing so he determined that for insurance purposes, complainant's disease was not incurred in or aggravated by military service.

The Government contends that if such decisions by the Administrator are subject to judicial review administration of the veteran's laws would become impossible. But, if Chief Justice Vinson's statement that the "amendment [was] designed to eliminate the finality of the decisions of the Administrator on insurance matters," is construed to mean that judicial review is available, I don't think it would greatly enlarge the former field of litigation. Even if it should, I am bound so to interpret the statute, if I find that such was the intent of Congress.

Clearly it is not easy to determine what Congress intended when it inserted the new language in Section 808, but I think that, in view of the language used in the statute and the language used by Chief Justice Vinson, it is only reasonable to hold that Congress has given this court jurisdiction to hear the complaint. It might also be observed that the amendment of Section 817 in 1946 was merely the omission of a proviso which had previously made the Administrator's decision as to waiver or nonwaiver of premiums conclusive and binding on the courts. This, I think, is some evidence of congressional intent to enlarge the field of judicial review on insurance matters.

Counsel for the Government correctly point out that the federal Declaratory Judgment Act does not apply to the Government unless the Government consents. There is no express statutory consent to its use in the present case. But, if we decide that Section 808 authorizes suit against the Government, then I think it only reason-

able to hold that congress intended to consent to the use of Declaratory judgment procedure.

■ ■ Counsel for the Government also contend that complainant is not entitled to judicial review because he has not exhausted his administrative remedies. This argument is based on the following reasoning: Complainant's letter from the Veterans' Administration granting him a pension advised him that if he were dissatisfied he could enter an appeal and that, therefore, he has a right to the same administrative appeal from the denial of his application for insurance. But the letter notifying him that his application for insurance had been rejected did not inform him of any administrative appeal and I find no provision for such a review. Thus, it seems reasonable to assume that he had no such right. At least I would not be justified in dismissing the complaint until it is definitely shown that he has such an administrative remedy.

The Administrative Review Act was adopted June 11, 1946. Section 10, Title 5 U.S.C.A. § 1009, is in part as follows:

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"Rights of review

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"Form and venue of proceedings

"(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction. Agency action shall be subject to judicial review in civil or criminal proceedings for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law.

"Acts reviewable

"(c) Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final shall be final for the purposes of this subsection whether or not there has been presented or determined any application for a declaratory order, for any form of reconsideration, or (unless the agency otherwise requires by rule and provides that the action meanwhile shall be inoperative) for an appeal to superior agency authority.

\*　　\*　　\*　　\*　　\*　　\*

"Scope of review

"(e) So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall (A) compel agency action unlawfully withheld or unreasonably delayed; and (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; \* \* \*."

A literal reading of this section leads one to believe that judicial review is, by Act of Congress, available in all cases except where statutes preclude judicial review, or where agency action is expressly left entirely to the agency's discretion.

The Senate Committee's report to the Senate November 19, 1945 (Rep. 752, 79th Cong. 1st Sess.) said:

"The jurisdiction of the courts is clearly stated. The bill thus provides for pub-

lic information, administrative operation, and judicial review.

"Substance of the bill, what the bill does in substance may be summarized under four headings:

"4. It sets forth a simplified statement of judicial review designed to afford a remedy for every legal wrong."

In United States ex rel. Trinler v. Carusi, D.C., 72 F.Supp. 193, and alien sought judicial review of a deportation order, contending that Section 10 of the Administrative Procedure Act gave the court jurisdiction. But, the Immigration statutes expressly provided that the Attorney General's decisions on deportation matters were to be final. For that reason, the court held Section 10 to be inapplicable and dismissed the petition for want of jurisdiction. At page 196 of 72 F.Supp. the court said:

"The legislative history of the Act is, at best, not explicit. It is true that the Report of the House Judiciary Committee stated: 'To preclude judicial review under this bill, a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold review.'"

At page 197 of 72 F.Supp. the court said:

"Significant to the inquiry into Congressional intent in the Administrative Procedure Act is the statement of the Attorney General found in Senate Document No. 248, supra, at p. 415: 'Section 10 as to judicial review does not, in my view, make any real changes in existing law. This section in general declares the existing law concerning judicial review. * * * I know that some agencies are quite concerned about the phraseology used in section 10 for fear that it will change the existing doctrine of judicial review which has been settled for the particular agency concerned. I feel sure that should this section be given the interpretation which is intended, namely, that it is merely a re-statement of existing law, there should be no difficulty for any agency. We may in a sense look at section 10 as an attempt by Congress to place into statutory language existing methods of review.'"

In United States ex rel. Lindenau et al. v. Watkins, D.C., 73 F.Supp. 216, at page 219, in referring to Section 10 of the Administrative Procedure Act, the court said:

"That enactment provides that every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court, shall be subject to judicial review. Sec. 10(c). Any person suffering legal wrong because of any agency action or adversely affected or aggrieved thereby, is entitled to judicial review thereof. Id. Sec. 10(a). The Act does not, however, change the forms of proceedings for judicial review previously existing. * * *

"In other words, the Administrative Procedure Act does not in any way modify the existing forms of proceedings to review final actions of administrative agencies, nor does it create any new remedies if an adequate remedy is in existence."

In Olin Industries, Inc., v. National Labor Relations Board, D.C., 72 F.Supp. 225, 228, complainant invoked the jurisdiction of the court under section 10, in an effort to enjoin the defendant from conducting hearings as part of representation proceedings under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The court found that complainant's rights were amply protected by the procedural provisions of the National Labor Relations Act, and so dismissed the complaint. Concerning its jurisdiction under section 10, the court said:

"Both the terms of this section, and its legislative history, make it clear that section 10 is merely declaratory of the existing law of judicial review and that it neither confers jurisdiction on this court above and beyond that which it already has, nor grants to aggrieved parties any rights they did not have under the National Labor Relations Act."

There is much confusion as to what effect the Administrative Procedure Act has on judicial review. The Attorney General's statement that the Act is merely a codification of existing law does not clarify the confusion. Perhaps he meant that the Act does not change existing forms of review, but did provide for review where no such right existed before. In the Lindenau case, supra, the court seems to adopt this view. The legislative history convinces me that Congress thought they were doing more than codifying existing law.

The Report of the House Judiciary Committee stated "To preclude judicial review under this bill, a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold judicial review." I think this evinces an intent to change existing law, and furnishes a clue to the proper solution. Prior to the Act, administrative orders such as the one with which we are concerned were not reviewable unless the statute so provided. Such orders are now reviewable unless the statute reflects an intent that they are not reviewable.

If this analysis is correct, I am thrown back to Sections 808, 817 and 445 of the National Service Life Insurance Act. What I have said concerning those sections is fortified by my construction of the Administrative Review Act.

I conclude that the Congress has necessarily impliedly provided that the remedy of declaratory judgment may be invoked against the Government and that such a suit seeking judicial review of an administrative ruling, otherwise not reviewable, is maintainable. Such shall be my ruling until I have heard the merits.

The motion to dismiss is denied.