**STAMATIOU v. MILLER, Commissioner of Immigration and Naturalization.**

Civ. No. 9873.

United States District Court
E. D. Pennsylvania.
Dec. 29, 1949.

John A. M. McCarthy, of Philadelphia, Pa., for plaintiff.

James P. McCormick, Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a civil action by an alien against the Commissioner of Immigration and Naturalization to review a deportation order. It is now before me on the defendant's motion to dismiss the complaint.

The defendant contends (1) that the administrative procedure does not apply to the Eastern District of Pennsylvania; (2)

1. When the Trinler case was instituted, the official residence of the Commissioner of Immigration and Naturalization was in the Eastern District of Pennsylvania.
2. 28 U.S.C.A. § 1406. "Cure or waiver of defects
   "(a) The district court of a district in which is filed a case laying venue in the

that the deportation order is not subject to judicial review; and (3) that this Court does not have jurisdiction over him.

The first two contentions have no merit, United States ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457, vacated on other grounds 3 Cir., 168 F.2d 1014; but the third contention is well taken.

Title 28 U.S.C.A. § 1391 Venue Generally, subsection (b) provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

Since the plaintiff is an alien, jurisdiction cannot be based on diversity of citizenship. The defendant's official residence is in the District of Columbia, not the Eastern District of Pennsylvania [1]. No special provision or statute has been called to the Court's attention which takes this case out of the pale of Section 1391(b). Therefore, venue cannot be laid in this district. Cf. Juell v. Commissioner of Immigration and Naturalization, D.C., 37 F. Supp. 533, 535, affirmed 2 Cir., 121 F.2d 728.

Title 28 U.S.C.A. § 1406 provides for the mandatory transfer of this case to the proper district if sufficient objection to the venue defect is timely raised [2].

I think that the defendant's motion for dismissal of the complaint under old Title 28 U.S.C.A. § 112, which was replaced by new Title 28 U.S.C.A. § 1391(b), is a timely and sufficient objection to venue.

Accordingly, this cause will be transferred to the United States District Court for the District of Columbia.

wrong division or district shall transfer such case to any district or division in which it could have been brought.

"(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."