## GINELLI v. UNITED STATES.
### Civ. No. 50–329.

United States District Court,
D. Massachusetts.

Dec. 4, 1950.

Paul G. Counihan, Boston, Mass., for plaintiff.

George F. Garrity,. U. S. Atty., and Philip T. Jones, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The defendant has filed a motion to dismiss this case for lack of jurisdiction. The plaintiff seeks to revive a lapsed insurance policy issued under the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. She further seeks to recover the benefits of that policy if and when revived, the insured now being deceased.

The plaintiff's deceased husband applied for, and was granted, a $10,000 insurance policy effective on March 2, 1943. The premiums were paid until the final payment on October 1, 1945. The policy lapsed shortly thereafter. In November of 1947 the insured made application for the reinstatement of $2,000 National Service Life Insurance, paying the premiums therefor for several months. The application was not accepted before his death. The insured died on May 19, 1948, following an opera-tion. On June 14, 1948, the Veterans Administration for the first time passed upon his application for reinstatement of the $2,000, and rejected it.

This action is not an action under a contract of insurance but is rather in the nature of an action to compel the defendant to be an insurer. This Court does not have jurisdiction to entertain such an action, for if an action in the nature of mandamus could be brought against the Administrator of Veterans Affairs, the Administrator would have to be served personally within this district in order for this Court to have jurisdiction. The instant action is controlled by the decision in Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852. This Court, notes the decision in Unger v. United States, 79 F.Supp. 281, but does not follow it. See also Fitch v. United States, 185 F.2d 471, decided by the Court of Appeals of the Tenth Circuit, at the present term.

The motion to dismiss is allowed for want of jurisdiction in this Court to hear and determine the claim.