**FITZGERALD v. UNITED STATES.**
Civ. No. 27524.

United States District Court
N. D. Ohio, E. D.
March 28, 1951.

Alan Meltzer, Cleveland, Ohio, for plaintiff.

Don Miller, U. S. Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for insurance benefits provided for by the National Service Life Insurance Act of 1940, as amended, U.S.C.A. Title 38, § 817. Defendant, the United States of America, requests summary judgment pursuant to Rule 56(b), Fed.Rules Civ.Proc. 28 U.S.C.A.

Summary judgment will be denied.

Defendant by its motion contends that the complaint does not raise an issue regarding any material fact. It alleges lapse of the insurance policy for an admitted failure of the insured to pay the premiums between April 1, 1947 and June 25, 1948, and argues that this court is without authority to grant a retroactive waiver of the premiums. It also contends that this court is without power to direct that dividends be applied to premiums in arrears.

In opposition to defendant's motion, plaintiff contends that material issues have been raised in regard to (1) refusal of the Administrator of Veterans Affairs to grant reinstatement of the policy, (2) his refusal to grant waiver of the premiums, and (3) his refusal to apply dividends to the premiums in arrears.

Fairly considered, the complaint raises material issues of fact. Plaintiff's evidence will at least tend to show that insured had qualified for reinstatement of the insurance policy under the applicable regulations, 38 C.F.R., 1946 Supp., 10.3422 and 10.3401; 13 F.R. 181, in that he was in the required state of health when he filed his application for reinstatement. Also, plaintiff's evidence will at least tend to show that the Administrator of Veterans Affairs should have granted a waiver of the premiums under 38 U.S.C.A. § 802(n), because the insured became totally disabled while the insurance policy was still in force, and his failure to make timely application was due to circumstances beyond his control.

Although the bases of the plaintiff's claim rest upon alleged erroneous actions of the Administrator, heretofore conclusive, this court now is not without jurisdiction and power to review the decisions of the Administrator since the repeal of the excepting provision of Section 817 and the amendment of Section 808 both August

224

1, 1946. See Unger v. U. S., D.C., 79 F.Supp. 281; U. S. v. Zazove, 334 U.S. 602, 68 S.Ct. 1284, 92 L.Ed. 1601.

■ Defendant's final objection is well taken.

The regulations in force and effect at the time the facts of this case arose did not permit application of dividends to premiums in arrears. 38 C.F.R., 1947 Supp., 10.3426; 13 F.R. 5399. I find nothing in those regulations inconsistent with the statute.

Summary judgment denied.