SCHILLING v. UNITED STATES et al.
Civ. No. 9893.

United States District Court
E. D. Michigan, S. D.

Dec. 4, 1951.

Francis W. Schilling, Ann Arbor, Mich., in pro per.

Edward T. Kane, U. S. Atty., Roger P. O'Connor, Asst. U. S. Atty., Detroit, Mich., for defendants.

LEVIN, District Judge.

In a letter postmarked December 23, 1949, plaintiff, a veteran of the two World Wars, wrote to a branch office of the Veterans Administration requesting the issuance of a life insurance policy in the amount of $7,000 and stating his readiness to pay any premium required and to undergo medical examination at any time. He asked particularly that his letter be considered as an application for insurance effective before January 1, 1950.

January 1, 1950, was a critical date because of a statutory provision of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 802(c)(2), as follows: "* * * any individual who has had active service between October 8, 1940, and September 2, 1945, both dates inclusive, shall be granted such insurance upon application therefor in writing and upon payment or authorization for deduction of premiums and evidence satisfactory to the Administrator showing such person to be in good health at the time of such application. In any case in which application for life or disability insurance or for reinstatement of such insurance is made prior to January 1, 1950, the Administrator shall not deny, for the purposes of this section * * * that the applicant is in good health because of any disability * * * resulting from or aggravated by such active service * * *".

In his letter plaintiff stated that the statutory provision had just come to his attention through a press release published in his local paper on December 22, 1949; plaintiff apparently had no actual knowledge of the time limit prior to that time. In their pleadings, defendants state that plaintiff's letter was received on December 27, 1949. The letter was not acknowledged until January 10, 1950, when the plaintiff was informed that the request that his letter be considered as a valid application was denied and that an application had to be made on a special V. A. form accompanied by a premium payment.

On February 1, 1950, plaintiff mailed the form required by the regulations and accompanied it by a premium payment. He

was later examined by the Veterans Administration, and his application was denied on June 13, 1950, for failure to meet the "good health" requirements.

It is plaintiff's contention that the physical condition on which the administrative determination was based was service-connected. This question has not been decided by the Administrator of Veterans Affairs because of the preliminary decision that the letter of December 23, 1949, was not a valid application. In August 1950 plaintiff was given a hearing before the Director, Underwriting Service, on the question of the sufficiency of his December letter, and the initial administrative decision was upheld.

The plaintiff brings this action against "United States of America and the Administrator of Veterans Affairs" through service of summons on J. Howard Mc-Grath, Attorney General of the United States, and Edward T. Kane, United States Attorney for the Eastern District of Michigan. The latter entered a special appearance for the purpose of making the motion now before the court to dismiss the action for lack of jurisdiction.

The asserted grounds for the action are the alleged arbitrary administrative treatment of the plaintiff's case based upon the failure of the Administrator to accept his December letter as a proper application and the unreasonable delay in answering that letter, which delay made it impossible for him, before the expiration of the statutory time limit, to make what the Administrator required as a proper application.

The primary relief sought by the plaintiff is a mandatory order requiring the defendants, the United States of America and the Administrator of Veterans Affairs, to issue the policy to him. Plaintiff asserts that this court has jurisdiction by reason of Section 817 of the National Service Life Insurance Act, as amended, 38 U.S.C.A. and Section 2201 of the Declaratory Judgment Act, 28 U.S.C.A.

█ Section 817 of 38 U.S.C.A. which refers to Section 445 of 38 U.S.C.A. allows suits in United States District Courts against the United States with respect to claims arising under contracts of insurance.

Since this complaint is not based on a presently effective contract of insurance, the statute has no application. Taft v. United States, 2 Cir., 127 F.2d 876.

█ This District Court is without jurisdiction to consider this action for coercive relief against the United States, whether by a writ of mandamus or by any other form of writ. Except when necessary to the exercise of their jurisdiction, Congress has not granted the United States District Courts, outside of the District of Columbia, jurisdiction to issue a writ in the nature of mandamus, except in designated cases of which this is not one. Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Youngblood v. United States, 6 Cir., 141 F.2d 912.

█ The Declaratory Judgment Act is also not helpful to the plaintiff. This Act does not enlarge the jurisdiction of the Federal Courts. It is a procedural statute only and provides a method of securing a judicial determination where the court already has jurisdiction. In DiBenedetto v. Morgenthau, 80 U.S.App.D.C. 34, 148 F.2d 223.

█ If the defect in this case were only one of improper venue based on the fact that defendant's official residence is in Washington, D. C., it could be cured by transferring this action to the District Court in the District of Columbia, 28 U.S.C.A. § 1406; Stamatiou v. Miller, Commissioner of Immigration and Naturalization, D.C., 88 F.Supp. 556. But the Administrator has not been brought in as a party, Fed. Rules Civ.Proc. rule 4(d)(5), 28 U.S.C.A. and this court now has no jurisdiction.

This is not necessarily to deny plaintiff the right to a review of the Administrator's decision or the return of his money paid as a premium; a court having jurisdiction over the Administrator may be able to review his decision. Plaintiff's case as presented in the pleadings and the discussion in court is appealing, and it is to be hoped that a remedy may be found for him either through administrative reconsideration or further judicial proceedings.