**ROWAN v. UNITED STATES.**

No. 3933.

United States District Court
Middle D. Pennsylvania.

Oct. 23, 1953.

**504**

Charles L. Casper (of Fahey & Casper), Wilkes-Barre, Pa., for plaintiff.

Arthur A. Maguire, Scranton, Pa., for defendant.

MURPHY, District Judge.

Defendant moves to dismiss for lack of jurisdiction plaintiff's action to recover on a policy which lapsed for nonpayment of premium and was never reinstated. National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq. In her reply to defendant's affirmative defense plaintiff concedes that the policy lapsed and was not reinstated but argues that the policy should have been in full force and effect at the time of death, and that the refusal by the Veterans' Administration to reinstate was arbitrary and capricious. She points to the Veterans' Administration Technical Bulletin 2–2,[1] and claims that the positions taken by two branches of the Veterans' Administration are inconsistent.[2] It held for insurance purposes when the applicant applied for reinstatement that he had a nonservice connected duodenal ulcer and did not meet the requisite comparative health standards. For pension purposes it[3] found the ulcer to be service connected and, based thereon, approved payment of death compensation to the plaintiff as widow.

We put to one side the question as to whether or not a suit might be maintained against the Administrator of Veterans' Affairs to set aside or vacate the alleged arbitrary or capricious conduct, and to compel reinstatement of the policy. See Taft v. United States, 2 Cir., 127 F.2d 876, 878; Skovgaard v. United States, D.C.Cir.1953, 202 F.2d 363, at page 364; Ginelli v. United States, D.C. D.Mass.1950, 94 F.Supp. 874; Mitchell v. United States, D.C.D.N.J.1952, 111 F. Supp. 104, at page 105; United States v. Fitch, supra, 185 F.2d dissenting opinion at page 474.

We are fully cognizant of the reasoning in Estep v. United States, 327 U.S. 114, at page 120, 66 S.Ct. 423, 90 L.Ed. 567, but in that case there was no question of lack of jurisdiction.

It is well established that a suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued. McCrae v. Johnson, D.C.D.Md., 84 F.Supp. 220, at pages 221, 222; United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598, and see opinion by Chief Justice Marshall in United States v. Clarke, 8 Pet. 436, at page 443, 33 U.S. 436, at page 443, 8 L.Ed. 1001; United States v. Fitch, supra, 185 F.2d at page 474.

Where there is a disagreement as to any claim arising under the National Service Life Insurance Act, § 617, 38 U.S.C.A. § 817, provides that suit may be brought in the same manner and subject to the same conditions and limitations as described in § 19 of the Act of 1924, as amended, 38 U.S.C.A. § 445. Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852, held that § 19 did not include a suit seeking reinstatement of a defunct policy. To come within its terms the suit must be one upon a policy which had not lapsed and needs no reinstatement. Taft v. United States, supra,

---

1. "Determination of Wartime Service Connection Under Public Law 2, 73d Congress, As Amended, For Gastric or Duodenal Ulcer (Peptic Ulcer) Diagnosed Subsequent to Wartime Service", issued February 28, 1947.

2. Citing United States v. Kelley, 9 Cir., 1943, 136 F.2d 823, at page 826, but cf. James v. United States, 4 Cir., 1950, 185

F.2d 115, at page 117, 22 A.L.R.2d 830; United States v. Holley, 5 Cir., 199 F. 2d 575, at page 578; United States v. Fitch, 10 Cir., 1950, 185 F.2d 471, at pages 473, 474.

3. The Dependents' Pension Board of the Dependents and Beneficiaries Claims Service.

127 F.2d 876. It must be upon a contract or policy which is in force and effect: United States v. Fitch, supra, 185 F.2d 471; Ginelli v. United States, supra, 94 F.Supp. 874; Skovgaard v. United States, supra, 202 F.2d 363; Mitchell v. United States, supra, 111 F.Supp. 104, and see United States v. Holley, 5 Cir., 1952, 199 F.2d 575, at page 578; Note 22 A.L.R.2d 839, 845, and Burlingham v. United States, 8 Cir., 1929, 34 F.2d 881, at page 882.

Section 617 of the Act, 38 U.S.C.A. § 817, is the only statutory provision which authorizes suit to be brought against the United States in the United States District Courts upon a National Service Life Insurance policy. See cases cited in the preceding paragraph, and see Candell v. United States, 10 Cir., 1951, 189 F.2d 442, at page 444; United States v. Fitch, supra, 185 F.2d dissenting opinion at page 474.

Plaintiff argues that the 1946 amendment to § 608 of the Act, 38 U.S.C.A. § 808, enlarged the scope of judicial review so as to confer jurisdiction in the present situation, citing Unger v. United States, D.C.E.D.Ill.1948, 79 F.Supp. 281; United States v. Zazove, 334 U.S. 602, 611, 612, 68 S.Ct. 1284, 92 L.Ed. 1601, and Fitzgerald v. United States, D.C.N.D.Ohio 1951, 98 F.Supp. 222.

In Unger v. United States, supra, 79 F.Supp. at pages 282, 283, the plaintiff, contending that a conflict in findings by the Veterans' Administration was caused by a misconstruction of 38 U.S.C.A. § 802 (c) (2), as amended, sought to compel the Veterans' Administration to grant him insurance. The court admitted lack of prior jurisdiction; further that the language of 38 U.S.C.A. § 808 is "far

from explicit" and that "it is not easy to determine what Congress intended when it inserted the new language". Relying however upon the 1946 amendments to 38 U.S.C.A. §§ 802(c) (2), 808 and 817, and United States v. Zazove, supra, 334 U.S. at pages 611, 612, 68 S.Ct. at pages 1288, 1289, the court assumed jurisdiction of such a controversy. To the contrary, see Skovgaard v. United States, supra, 202 F.2d 363; United States v. Holley, supra, 199 F.2d at page 578, where § 802(c) (2) was involved. See also Ginelli v. United States, supra, 94 F.Supp. 874, and Mitchell v. United States, supra, 111 F.Supp. 104.[4]

In Fitzgerald v. United States, supra, 98 F.Supp. 222, the court uses sweeping language but the question involved was whether in view of the provisions of 38 U.S.C.A. § 802(n) the policy had actually lapsed. In United States v. Roberts, 5 Cir., 1951, 192 F.2d 893, 896,[5] the government conceded jurisdiction in a claim under 38 U.S.C.A. § 802(n).[6] In Gamez v. United States, D.C.S.D.Tex.1951, 95 F.Supp. 656, the application had been marked effective. Construing 38 U.S.C.A. § 802(c) (3), the court held that a contractual relationship had been established. See United States v. Fitch, supra, 185 F.2d dissenting opinion at page 474; see and cf. Skovgaard v. United States, supra, 202 F.2d dissenting opinion at page 364.[7]

Finally as to United States v. Zazove, supra, 334 U.S. 602, 68 S.Ct. 1284, see opinion by Chief Judge Forman in Mitchell v. United States, supra, 111 F.Supp. 104, discussing Unger v. United States, supra, 79 F.Supp. at page 284. That opinion covers the matter so clearly and

4. In Colizza v. United States, D.C.W.D.Pa.1951, 101 F.Supp. 695, the question of jurisdiction was apparently not considered.

5. A claim under 38 U.S.C.A. § 802(r) was held to be a suit upon a contract of insurance.

6. For a discussion as to the history of the proviso eliminated from 38 U.S.C.A. § 817 by the 1946 amendment, see Id. As

to the tests applied to determine whether the court had jurisdiction, see Id. at p. 897.

7. Relying upon United States v. Zazove, supra, 334 U.S. at page 610, 68 S.Ct. at page 1288, "The statutory provisions, where ambiguous, are to be construed liberally to effectuate the beneficial purposes that Congress had in mind."

satisfactorily that we quote in extenso therefrom, 111 F.Supp. at page 107:

"The court attempted to distinguish the Meadows and Taft cases * * * by stating that the 1946 amendment to § 808 * * * enlarged the scope of judicial review to include, by reasonable implication, the case at its bar * * *. In support of its views it relied on a statement by Chief Justice Vinson in U. S. v. Zazove, 334 U.S. 602, 611, 612, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601, that the 'amendment [was] designed to eliminate the finality of the decisions of the Administrator on insurance matters'. But that case was a suit by a beneficiary to recover on a claim for $5,000 under a policy, a proceeding over which the court had unquestioned jurisdiction. The issue involved was whether a Veterans' Administration regulation was in accord with a proper construction of a section of the National Service Life Insurance Act. The reference to the purpose of the words of Chief Justice Vinson is too broadly construed in the Unger case when they are held to be a basis for a suit against the United States. The quoted words had no greater connotation than that they were, again in the words of Chief Justice Vinson,

" 'indicative of congressional concern that the *regulations* of the Veterans' Administration be subject to more than casual * * * scrutiny when they are based upon a *controverted construction of the statute.*' (Italics added.) 334 U.S. at page 612, 68 S.Ct. at page 1288.

"I agree that § 808, as amended, indicates an extension of procedures available to secure judicial review of the *decisions of the Administrator* on insurance matters and, when construed with the Administrative Procedure Act [5 U. S.C.A. § 1001 et seq.], would appear to countenance judicial proceedings against the Administrator himself * * * particularly when insurance matters are involved which are unrelated to the re-

covery of monetary benefits. But the amendment does not provide the necessary specific consent by the United States to permit suit to be brought against it. Therefore, I cannot follow the decision in the case of Unger v. U. S., supra.

"The limitation of judicial remedy to a suit against the Administrator which must be brought in the District of Columbia imposes serious hardship upon a plaintiff in this type of litigation. But in suits involving superior federal officers this is a frequently recurring problem that only the Congress can solve."[8]

 An order dismissing plaintiff's action for lack of jurisdiction will be filed herewith.

---

**8.** Omissions noted. The section involved in United States v. Zazove was § 602 (h) (2), 38 U.S.C.A. § 802(h) (2), which provides how insurance shall be payable.