**Ben Wilson ROBISON, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 3133.**

United States District Court
D. Idaho, S. D.
Aug. 11, 1955.

Grant L. Ambrose, Meridian, Idaho, for plaintiff.

Sherman F. Furey, Jr., U. S. Atty., Boise, Idaho, and Marion J. Callister, Asst. U. S. Atty., Boise, Idaho, for defendant.

TAYLOR, District Judge.

Plaintiff in this action is the designated beneficiary under a National Service Life Insurance policy and is here attempting to recover death benefits. Defendant contests his claim upon the ground that the policy in question lapsed prior to insured's death and never was

**10**

reinstated. Plaintiff counters with the contention that insured had complied fully with the pertinent statutes and regulations providing for reinstatement and that, therefore, reinstatement was effected as a matter of law prior to insured's death. 38 C.F.R. §§ 8.22–8.25. The cause is now before the Court on defendant's motion for summary judgment. Counsel have argued the motion orally and have submitted written briefs.

■■ For the purposes of this motion, all allegations of fact contained or implicit in the complaint shall be treated as established. Nonetheless, we must consider the case in light of the admitted fact that the policy lapsed and never was reinstated by the Veterans' Administration. The first question is whether this Court has jurisdiction of the cause.

If this Court has jurisdiction, it stems from 38 U.S.C.A. § 817 and, by reference, from 38 U.S.C.A. § 445. Section 817 reads as follows:

"In the event of disagreement as to any claim arising under this subchapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title."

Section 445, insofar as it is pertinent here, reads as follows:

"In the event of disagreement as to claim, * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies."

Construing § 445, it has been held that a district court has no jurisdiction over litigation arising out of a claim on a policy which is lapsed and in need of reinstatement. Meadows v. U. S., 1930, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852; Taft v. U. S., 2 Cir., 1942, 127 F.2d 471. In two of the Circuits it has been held that this jurisdictional limitation upon United States District Courts has been picked up by reference and applies to National Service Life Insurance cases. Rowan v. U. S., 3 Cir., 1954, 211 F.2d 237; Skovgaard v. U. S., 1953, 92 U.S. App.D.C. 70, 202 F.2d 363. Within the District Courts, Unger v. U. S., D.C.1948, 79 F.Supp. 281, represents the strongest expression of a contrary view. Since the decision in the Unger case, however, the majority of the District Courts have, in the face of the emphatic opinion there issued, held that § 817 does not confer jurisdiction upon them in cases such as the one at bar. Ginelli v. U. S., D.C.1950, 94 F.Supp. 874; Schilling v. U. S., D.C. 1951, 101 F.Supp. 525; Mitchell v. U. S., D.C.1952, 111 F.Supp. 104; Rowan v. U. S., D.C.1953, 115 F.Supp. 503, and Karas v. U. S., D.C.1954, 118 F.Supp. 446. The Unger opinion, on the other hand, was followed by the Court in Fitzgerald v. U. S., D.C.1951, 98 F.Supp. 222, and was commented upon favorably in Morris v. U. S., D.C.1954, 122 F.Supp. 155.

The issue presented is one of statutory interpretation. Did congress confer jurisdiction upon the District Courts to try cases involving lapsed, unreinstated policies where the Administrator allegedly was arbitrary in denying the claim? The ambiguity of § 817 when coupled with § 445 is self-evident. Likewise, it is apparent that veterans and beneficiaries attempting to litigate disputes arising out of National Service Life Insurance policies have, with rare exceptions, been deprived of the use of the District Courts for such litigation because of the construction placed upon § 817 by the majority of the Courts. Congress has taken no action to remove this troublesome ambiguity and in its silence lends weight to the proposition that the majority of the Courts have arrived at the correct

conclusion as to the underlying legislative intent.

This Court does not see the wisdom of requiring a plaintiff such as the one at bar to take his lawsuit to Washington, D. C., there to sue the Administrator personally in order to gain judicial review of his ruling on a claim. Likewise, this Court entertains considerable sympathy for the view expressed by the dissenting Judge in the Skovgaard case, supra. Nonetheless, the weight of District Court authority would have us dismiss for lack of jurisdiction. The only expression of opinion out of the Courts of Appeals directly dealing with the question also requires us to dismiss. In the face of what clearly is an ambiguous statute, this Court feels compelled to acknowledge and follow the expressions of the highest Courts yet to construe it.

Therefore, for lack of jurisdiction this cause is hereby dismissed.