**Mrs. Margie M. McKAY, Plaintiff,**
v.
**UNITED STATES of America, Defendant.**
**Civ. A. No. 66–H–349.**

United States District Court
S. D. Texas,
Houston Division.
July 23, 1968.

Harrison, Taylor & Werner, John C. Werner, Houston, Tex., for plaintiff.

Morton L. Susman, U. S. Atty., and C. Leland Hamel, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

*Memorandum:*

The subject matter of this complaint arises under the National Service Life Insurance Act of 1940, 38 U.S.C. Sec. 701 et seq. The defendant has moved to dismiss for lack of jurisdiction and for plaintiff's failure to state a claim upon which relief can be granted.

I.

Plaintiff's deceased husband, Jack M. McKay, applied to the Veterans' Administration for the issuance of a $10,000 service disabled veteran's insurance policy under the provisions of 38 U.S.C. Sec. 722(a). The application was dated July 1, 1960. According to the sworn affidavit of Mr. C. Leland Hamel, Assistant United States Attorney, the files of the Veterans' Administration reveal that Mr. McKay was informed by letter dated May 15, 1961, that his application was refused. The letter informed the decedent that he had forfeited all rights to compensation and other benefits, and thus could not meet the legal requirements for insurance. The letter also stated that he could not be considered as having been in good health except for his service connected disabilities. The files further indicate that no contract of insurance pursuant to McKay's application was issued thereafter, and that the disapproval of his application was not disputed until after his death on November 30, 1962.

The plaintiff informs us that on April 15, 1966, the Board of Veterans Appeals rendered its decision denying her the right to insurance benefits. The Board found that in 1953, Mr. McKay had made false and fraudulent statements to the Veterans' Administration in connection with claims for benefits. As a result the Board held that he had forfeited

his rights to all benefits, including the service disabled veterans' insurance. Plaintiff contends that a veteran's fraudulent statements do not effect a forfeiture of his right to insurance, and that the sole reason for the Board's refusal to issue the policy was its erroneous decision.

## II.

Plaintiff originally asserted that a contract of insurance was entered into between the defendant and her husband, a dispute over which the court would clearly have jurisdiction under 38 U.S.C. Sec. 784(a). She now agrees with the defendant that no contract was ever formed. The basis of her present complaint is that the administrative decision was either arbitrary, capricious, or based on an error of law, and that the court may examine the decision under 38 U.S.C. Sec. 785, even though the claim is not based on a contract.

The defendant answers that whether the administrator's decision was erroneous or not, the claim must be based on a contract of insurance for the court to have jurisdiction under either Section 784(a) or 785.

Section 784(a)[1] requires that there be a contract of insurance in force in order to vest jurisdiction in a district court.[2] The plaintiff apparently agrees with this interpretation, but she disagrees with the defendant's contention that Section 785 does not provide an independent jurisdictional ground.

1. "In the event of disagreement as to claim, including claim for refund of premiums, *under contract* of National Service Life Insurance * * * an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies." 38 U.S.C. Sec. 784(a) (Emphasis supplied).

2. Meadows v. United States, 281 U.S. 271, 275, 50 S.Ct. 279, 74 L.Ed. 852 (1930); Salyers v. United States, 326 F.2d 623 (5 CA 1964); Skovgaard v. United States,

Section 785 reads as follows:

"Except in the event of suit as provided in section 784 of this title, *or other appropriate court proceedings*, all decisions rendered by the Administrator under the provisions of this chapter shall be final and conclusive on all questions of law or fact, and no other official of the United States shall have jurisdiction to review any such decisions." (Emphasis supplied).

The phrase "or other appropriate court proceedings" was added to the statute in 1946. Two years later the Supreme Court held that the amendment was "designed to eliminate the finality of the decisions of the Administrator on insurance matters." United States v. Zazove, 334 U.S. 602, 611–612, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601 (1948). The Zazove decision persuaded the court in Unger v. United States, 79 F.Supp. 281 (E.D.Ill. 1948), to conclude that Congress intended to provide judicial review of decisions of the administrator even when there was no contract of insurance upon which to base jurisdiction. The Unger court said:

"Thus, prior to the 1946 amendment of Section 808 (now section 785), this court would not have had jurisdiction of this case because it does not involve a disagreement as to a contract of insurance. Therefore, the question narrows down to whether Section 808 enlarged the field of judicial review to include cases such as the one at bar.

92 U.S.App.D.C. 70, 202 F.2d 363, 364, cert. denied, 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401 (1953); United States v. Holley, 199 F.2d 575, 578 (5 CA 1952); United States v. Roberts, 192 F.2d 893, 895 (5 CA 1951); United States v. Fitch, 185 F.2d 471, 473 (10 CA 1950); Taft v. United States, 127 F.2d 876, 878 (2 CA 1942); Burlingham v. United States, 34 F.2d 881, 882 (8 CA 1929); Rowan v. United States, 115 F.Supp. 503, 505 (M. D.Pa.1953), aff'd, 211 F.2d 237, 238 (3 CA 1954); Mitchell v. United States, 111 F.Supp. 104, 106 (D.N.J.1952); Schilling v. United States, 101 F.Supp. 525, 526 (E.D.Mich.1951); Ginelli v. United States, 94 F.Supp. 874 (D.Mass.1950).

The language in Section 808 is far from explicit. The only help I have concerning its construction appears in the recent Supreme Court case of United States v. Zazove * * *. In that case the court was called upon to determine whether a Veterans' Administration regulation was in accord with a proper construction of a section of the National Service Life Insurance Act. * * *

Clearly it is not easy to determine what Congress intended when it inserted the new language in Section 808, but I think that, in view of * * (Zazove and the language in the statute) * * * it is only reasonable to hold that Congress has given this court jurisdiction to hear the complaint."

Unger was followed in Fitzgerald v. United States, 98 F.Supp. 222 (N.D. Ohio 1951), and was approved in a recent Fifth Circuit case, Salyers v. United States, 326 F.2d 623 (5 CA 1964).[3] However, the majority of courts which have considered the statute since the date of its amendment have declined to hold that it allows jurisdiction, and at least three courts have specifically refused to follow the reasoning in Unger.[4]

### III.

Congress has not seen fit to remove this troublesome ambiguity, nor has the Supreme Court been called upon to clarify the extent of its interpretation of Section 785 in Zazove. This court must therefore resolve the issue in a manner similar to that of other courts: By examining the statute's legislative history and by attempting to discern the significance of Zazove.

Both plaintiff and defendant refer to Senate Report No. 1705, 79th Cong., 2d Sess., U.S. Code Cong. Serv., pp. 1394, 1402 (1946). The report states:

"Section 12 of the committee amendment amends section 608 (now 38 U.S.C. Sec. 785) of the National Service Life Insurance Act of 1940, as amended, effective as of October 8, 1940, to eliminate the finality of the decisions of the Administrator on insurance matters and to authorize reviews by United States district courts in conformity with the provisions of section 617 (now 38 U.S.C. Sec. 784) of the act as hereinafter amended. Your committee is of the opinion that the right of the judicial review should be extended in any case in which there is disagreement as to any alleged right *under contract.* * * *

Section 14 of the committee amendment amends section 617 (Sec. 784) * * *. The effect of this section will be to authorize a trial by jury in the event of denial of a claim for waiver of premiums on account of total disability or payment of benefits on account of total disability. Trial by jury is now authorized in the event of denial of a claim involving other matters. Your committee are (sic) of the opinion that trial by jury should be authorized in any case in which claim for a contractual benefit under an insurance policy is denied by a Government agency." (Emphasis supplied.)

Plaintiff takes the novel approach that since the word "contract" was used, rather than "insurance policy" in the discussion of Section 12, the Senate's intent was to enlarge jurisdiction to cases in which no policy was issued. She rea-

3. See also Morris v. United States, 122 F. Supp. 155 (E.D.N.C.1954).

4. Rowan v. United States, 115 F.Supp. 503, 505–506 (M.D.Pa.1953), aff'd, 211 F.2d 237 (3 CA 1954); Mitchell v. United States, 111 F.Supp. 104, 107–108 (D. N.J.1952); Ginelli v. United States, 94 F.Supp. 874 (D.Mass.1950), specifically found Unger unpersuasive. Cf. Skov-

gaard v. United States, 92 U.S.App.D.C. 70, 202 F.2d 363, cert. denied, 345 U.S. 994, 73 S.Ct. 1134, 97 L.Ed. 1401 (1953); United States v. Fitch, 185 F.2d 471 (10 CA 1950); Robison v. United States, 133 F.Supp. 9 (D.Idaho 1955); Schilling v. United States, 101 F.Supp. 525 (E.D. Mich. 1951). See also Birge v. United States, 111 F.Supp. 685, 688 (W.D.Okla. 1953).

sons that all "insurance matters" involve alleged rights under contract. Since plaintiff does not claim under a contract of any kind, even one implied in law, the court is unable to understand how the plaintiff could expect a holding that the absence of a contract equals a contract. Although the wording of the statute is ambiguous, the Report is clear enough to indicate that "insurance matters" refers to matters concerning claims under contract only.

The court has noted that the weight of authority favors dismissal, reasoning that the amendment to the statute did not enlarge jurisdiction to cases of this kind. It is also possible that Unger, Fitzgerald and Salyers would have been decided differently had it not been for the Unger court's interpretation of Zazove. This court must thus decide whether the Supreme Court meant to indicate that a decision of the administrator to refuse issuance of a policy was not final, and could be reviewed by a district court. The court is not persuaded that it did.

The court believes the reasoning in Mitchell v. United States, 111 F.Supp. 104 (D.N.J.1952), ably demonstrates that although Zazove stands for the proposition that under the amendment the decisions of the administrator as to certain insurance matters are not final, the Supreme Court's interpretation should not be too broadly construed:

> "Plaintiff, however, cites as sustaining the contrary view, the case of Unger v. United States * * *. In support of its views it relied on a statement by Chief Justice Vinson in United States v. Zazove * * * that the 'amendment (was) designed to eliminate the finality of the decisions of the Administrator on insurance matters'. But that case was a suit by a beneficiary to recover on a claim for $5,000 under a policy, a proceeding

over which the court had unquestioned jurisdiction. The issue involved was whether a Veterans' Administration regulation was in accord with a proper construction of a section of the National Service Life Insurance Act. The reference to the purpose of the words of Chief Justice Vinson is too broadly construed in the Unger case when they are held to be a basis for a suit against the United States. * *

> I agree that § 808, as amended, indicates an extension of procedures available to secure judicial review of the decisions of the Administrator on insurance matters and, when construed with the Administrative Procedure Act, would appear to countenance judicial proceedings against the Administrator himself * * * particularly when insurance matters are involved which are unrelated to the recovery of monetary benefits. But the amendment does not provide the necessary specific consent by the United States to permit suit to be brought against it. Therefore, I cannot follow the decision in the case of Unger v. United States * * *.

> The limitation of judicial remedy to a suit against the Administrator which must be brought in the District of Columbia imposes serious hardship upon a plaintiff in this type of litigation. But in suits involving superior federal officers this is a frequently recurring problem that only the Congress can solve." Id. at 107.

The court is not unmindful of Salyers v. United States, supra, which sustained jurisdiction citing Zazove and Unger.[5] Plaintiff contends that Salyers settles the issue, at least as far as the Fifth Circuit is concerned. The defendant makes a passing reference to the case, but concludes that it is not in point because the court held the claim to be under a contract of insurance.

---

5. The court distinguished Rowan v. United States and Mitchell v. United States, supra, because they did not concern an application for disability income insurance.

Both cases involved an application for reinstatement, which the court itself equated with a request for new insurance.

To the best of this court's understanding, Salyers upholds jurisdiction on two separate grounds: first, a claim under a contract of insurance within the purview of Section 784, and second an independent ground based on the amendment to Section 785. The Fifth Circuit seems to hold that even if there had been no contract in Salyers on which to base jurisdiction, it could have retained jurisdiction under Section 785. This court is of the opinion that since that determination was unnecessary to the decision in Salyers, it is not binding in this situation.

The court therefore holds that it is without jurisdiction to review the administrator's decision under Section 784(a) or Section 785. The motion to dismiss will be granted. The clerk will notify counsel to draft and submit appropriate dismissal order.