**UNITED STATES v. LEE et al.**

No. 4460.

District Court, E. D. Oklahoma.

Jan. 18, 1941.

64

L. G. Owen and W. P. Z. German, both of Tulsa, Okl., and Ledbetter & Ledbetter, of Ardmore, Okl., for plaintiff.

W. F. Semple, of Tulsa, Okl., and Sigler & Jackson, of Ardmore, Okl., for defendants.

RICE, District Judge.

In this case H. A. Ledbetter, as trustee for others, was decreed to be the owner of two valid judgments obtained in the State District Courts and affirmed by the Supreme Court of Oklahoma. One judgment was against Nellie Stechi, a full-blood Indian member of the Choctaw Tribe. The other was against the estate of Nellie Stechi, arising from a claim based upon the first judgment. For the background and history of the litigation, see the opinion of this court in United States v. Lee et al., 24 F.Supp. 814, and the opinion of the Tenth Circuit Court of Appeals affirming the judgment of this court, 108 F.2d 936.

The present controversy arises after the judgment of this court is final and the mandate of the Circuit Court of Appeals has become a matter of record, no certiorari having been asked by the government.

In all of the litigation, in both State and Federal courts, a certain ten acres of land was involved. It was a portion of the homestead allotment of Eliza Stechi, a full-blood enrolled Choctaw Indian. The question involved was whether or not this particular ten acres was restricted after the death of the heirs of Eliza, said heirs having been born after March 4, 1906, the last of whom died in 1923. The question of restrictions determined the validity of a certain contract. The validity of the contract determined the validity of the judgments obtained in the State courts.

In 1933 the United States Government filed its bill in this court, making defendants all parties having any record interest in said ten acres of land, asserting that said ten acres was at all times restricted, that the contract and the judgment obtained in the State courts were void, seeking to quiet title in certain full-blood Indian heirs, and the cancellation of said State court judgments, as well as all adverse claims of the defendants of record, except an oil and gas lease in which the Carter Oil Company and the Skelly Oil Company were interested, the purpose of making the oil companies parties being to secure a judgment requiring the oil royalties from said ten acres to be paid to the Secretary of the Interior as restricted funds of said full-blood Indian heirs.

Ledbetter, trustee, in the suit in this court, asserted the validity of the contract in question, the validity of the State court judgments and a sheriff's deed to the ten acres in question. As against the oil companies Ledbetter, trustee, sought a judgment for the amount of oil royalties held by them and directing future payments to Ledbetter, trustee, rather than to the Secretary of the Interior.

All of these matters in issue were determined in favor of H. A. Ledbetter, trustee. In rendering judgment the court not only decided all controverted questions in favor of Ledbetter, trustee, but directed the Secretary of the Interior to pay to him out of the royalties collected from said ten acres the amount of the State court judgment. No judgment for the payment of money was rendered against the United States. The judgment of this court decreed only that the judgments obtained in the state courts—one against Nellie Stechi and one against her estate—were valid judgments.

In regard to that part of the judgment concerning the validity of the state court judgment and that part directing the Secretary of the Interior to pay, the Tenth Circuit Court of Appeals, speaking through Judge Bratton, said [108 F.2d 942]:

"Next comes the question of the effect of the judgment of the District Court of Carter County rendered in the suit which Nellie Stechi instituted against DuBois and Lee to cancel and set aside the contract. Since the homestead was free of all restrictions against alienation at the time of the execution of the contract, that court clearly had jurisdiction of the subject matter and of the parties. The authenticity of the contract, the due performance on the part of Lee, the amount due him, his ownership of a part of the homestead, and his right to a lien on the remainder to secure the amount due him were issues tendered and adjudicated. That adjudication is binding and constitutes res judicata as to the parties to the action. But it is contended that such judgment is not binding on the United States since it was not a party. The United States is not bound by the judgment of a state court in respect of restricted property of an Indian ward where it was not a party. Bowling v. United States, 233 U.S. 528, 34 S.Ct. 659, 58 L. Ed. 1080. But as has been said, the property in question was not restricted at the time the contract was executed and at the time the judgment of the state court was entered. Nellie Stechi was unrestricted in her right to contract with respect to such property or to convey it. She exercised that right. A state court adjudicated her rights under the contract, and the decree has become final. A state court of competent jurisdiction in Oklahoma may render a valid judgment in respect of unrestricted property of an Indian of the Five Civilized Tribes. And such a judgment constitutes res judicata as to the Indian, and it is not open to attack in a later suit brought by the United States, except on jurisdictional grounds, even though the United States was not a party to the suit.

"The remaining contention which calls for discussion is assuming that the homestead tract was not restricted against alienation, the decree errs in directing the Secretary of the Interior and the Superintendent and Disbursing Agent, respectively, of the Five Civilized Tribes to pay over the funds in their custody and control representing proceeds of royalties. Section 1 of the Act of January 27, 1933, 47 Stat. 777, supra, is relied upon to sustain the point. That section is textually limited to funds and securities under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to members of the Five Civilized Tribes of one-half or more Indian blood. It plainly applies only to moneys and securities belonging to Indians. The rights of Lee and his assignees to their share in the funds in the hands of the Secretary and his subordinates had become fixed and determined prior to the time the statute became effective. For that reason the statute has no application whatever to their share of such fund. United States v. Ickes, supra [64 App.D.C. 27, 73 F.2d 844]."

The Secretary of the Interior, having refused to pay the judgments held valid by this court on July 5, Ledbetter, trustee, filed herein what he designated a motion for an order to show cause, asking this court to order the Secretary of the Interior and the Commissioner of the Five Civilized Tribes to appear herein and show cause why they have not paid said judgments. The United States government has opposed the issuance of such an order and raises the question, among others, that the Secretary of the Interior is not now and never has been a party to this action, and that by reason thereof that portion of the judgment herein directing the Secretary of the Interior to pay said judgments is void. For the first time the question is raised that the Secretary of the Interior and his subordinate officials are not parties to this suit. When the matter was before the Circuit Court of Appeals the contention was not there made that the trial court had no jurisdiction to make such an order for the reason that the Secretary and the Commissioner of the Five Civilized Tribes were not parties to the suit, but rather that the funds then in the hands and custody of the Secretary of the Interior were restricted under the Act of January 27, 1933, 47 Stat. 777.

The decree entered by this court recites the appearances of the parties. It recites that the United States of America appeared by the United States District Attorney for the Eastern District of Oklahoma, and then recites the appearance of the other parties to the suit. No mention is made of either the Secretary of the Department of the Interior, the Commissioner of the Five Civilized Tribes, or D. Buddrus, Disbursing Agent for the Commissioner of the Five Civilized Tribes. The validity of that part of the decree directing the named officials to pay the judg-

ments is presented for determination at this time. If the Secretary of the Interior is a party to this action, I am of the opinion it is valid and final. If he is not a party, then that part of the order would not be valid.

Many suits are either begun in this court by the United States government in behalf of members of the Five Civilized Tribes, or the government intervenes on behalf of such Indians in suits begun by others. In each instance the suit is begun by the United States government upon the authority of the Attorney General at the request of the Secretary of the Interior. It is an easy matter to fall into the habit of thinking of the Secretary of the Interior, who is 'the official of the United States government charged with the responsibility of looking after restricted Indians and their property, as being the plaintiff. For the first time, however, the contention is made that by requesting the suit to be instituted by the United States government the Secretary of the Interior becomes a party to the suit. The movant has presented no authority nor convincing argument that the Secretary of the Interior or his subordinate officials are parties to this action and before the court. If the Secretary of the Interior is a party to this action, then in every action begun by the United States government in its sovereign right or on behalf of a member of the Five Civilized Tribes the Secretary of the Interior in his official capacity and personally becomes a party, for all such actions are begun at his request.

 I am unable to reach the conclusion that the Secretary of the Interior in his individual capacity or officially is a party to this suit. There is no judgment of this court against him. The judgments which Ledbetter, trustee, seeks to collect are against certain named Indian members of the Five Civilized Tribes. The Indians have no funds or property out of which satisfaction of the judgments may be had, except funds in the custody of the Secretary of the Interior. The restricted funds of such Indians are not subject to court order. Those funds held by the Secretary and which rightfully belong to Ledbetter, trustee, are not subject to the control and supervision of the Secretary of the Interior. United States v. Ickes, 64 App.D.C. 27, 73 F.2d 844. And, in the proper court and in a proper action, in which the Secretary is made a party, the movant herein may obtain relief. Having reached the opinion that the Secretary of the Interior is not a party to this action, it follows that that portion of the judgment directing him to do certain things exceeds the power of this court and is invalid. This court does not have independent jurisdiction of a mandamus action against the Secretary of the Interior, and in effect that is the nature of the remedy sought herein by the movant.

 While it may follow as a matter of law that the Secretary of the Interior is bound by the judgment of the court fixing the rights and liabilities of the parties, it does not follow that he is subject to the order of this court in an action to which he is not a party with respect to the payment thereof. It is not believed that the Secretary of the Interior may now question the validity of the state court judgments nor the fact that the funds collected from the particular lands involved were and are unrestricted funds. Just why he has not paid these judgments is not disclosed to this court. It must be presumed by this court that there is some bona fide controversy between Ledbetter, trustee, and the Secretary concerning which the Secretary is entitled to be heard in a proper court. Mandamus, or a suit in the nature of mandamus, in a proper forum is available to the defendants to require the Secretary of the Interior to pay these judgments or so much thereof as may be paid out of the funds collected from the lands in question and which funds were unrestricted and are now unrestricted. United States v. Ickes, supra. Mandamus, however, must be brought in the proper forum, and this is not the proper forum in which to bring a mandamus action against the Secretary of the Interior.

The motion of Ledbetter, trustee, to require the Secretary to appear in this court and show cause why he has not paid the judgment is therefore denied.