**PATTERSON v. UNITED STATES.**

**Civ. No. 965.**

United States District Court
M. D. Tennessee, Nashville Division.

Sept. 9, 1949.

Z. T. Osborn, Jr., and Frank P. Reynolds, of Nashville, Tenn., for plaintiff.

A. O. Denning, Assistant United States Attorney, of Nashville, Tenn., for defendant.

DAVIES, District Judge.

The above entitled cause came on for hearing before the Court on the 28th day of July, 1949.

The cause was submitted upon the pleadings, evidence, exhibits, stipulations, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its findings of fact and conclusions of law, as follows:

Findings of Fact

1. That James H. Murphy, Jr., was inducted into the armed forces of the United States of America on or about April 16, 1942.

2. That the plaintiff, Maggie Louise Patterson, is the mother of James H. Murphy, Jr.

3. That on February 11, 1943, James H. Murphy, Jr., applied for a policy of National Service Life Insurance in the amount of $4,000, designating as the beneficiary thereof, his mother, the plaintiff, Maggie Louise Patterson, and thereafter, on or about February 4, 1944, the said James H. Murphy, Jr., died while serving in the armed forces overseas.

4. That the application for insurance was for the issuance of a National Service Life Insurance policy, that said application was forwarded to the Veterans Administration on or about February 17, 1944, and was received by the Veterans Administration on or about March 1, 1944, and that thereafter the Veterans Administration issued its certificate of insurance, Serial No. N 15,916,999, to plaintiff, Maggie Louise Patterson.

5. That at the time said application for insurance was prepared and executed by the said James H. Murphy, Jr., he had prepared and properly executed an authorization of allotment authorizing deduction from his service pay monthly the sum of $2.64, said sum to be applied in payment of the premiums required for the issuance and effectiveness of the insurance applied for.

6. That said application for insurance was forwarded to the Veterans Administration and that same was accompanied by said authorization of allotment authorizing deductions from the service pay of the said James H. Murphy, Jr., for payment of the premiums to become due the defendant, the United States of America.

7. That although delay occurred in the processing of the application for insurance and the authorization of allotment of service pay, after being executed by the serviceman, said papers and forms were in the possession of the United States Army and under its control or were in the hands of

the Veterans Administration and under its control and that after executing same, as aforesaid, said application for insurance and authorization of allotment were not within the control or possession of the said James H. Murphy, Jr.

8. That the allotment authorizing deductions from the service pay of the said James H. Murphy, Jr., was received by the Veterans Administration and that under pertinent army regulations no further burden as to said application for insurance and the issuance thereof remained on the said James H. Murphy, Jr.

9. That no premiums were actually paid to the defendant for its issuance of said contract of insurance, but that the defendant earned as premiums the sum of $34.32.

10. That a contract of National Service Life Insurance between James H. Murphy, Jr., and the defendant became effective on or about February 11, 1943, and that same was in full force and effect on the date of the death of said James H. Murphy, Jr.

### Conclusions of Law

1. That the court has jurisdiction of the subject matter and the parties are properly before the court.

2. That any negligence on the part of the United States Army or the Veterans Administration whereby deductions from the service pay of James H. Murphy, Jr., were failed to be made in payment of the premiums due the defendant for such contract of insurance was not attributable to said insured and is no bar to the claim of the plaintiff herein, Maggie Louise Patterson.

3. That a good and valid contract of National Service Life Insurance between James H. Murphy, Jr., and the defendant was in existence and in effect on the date of the death of said insured.

4. Inasmuch as the premiums payable to the defendant for said contract of insurance were earned, the plaintiff is liable to the defendant for same, and same are a charge against any recovery to be had by her in this case.

Judgment will be entered accordingly.