### BIRGE v. UNITED STATES.
#### Civ. 5094.

United States District Court
W. D. Oklahoma.

March 27, 1953.

Edward Bynum, Oklahoma City, Okl., for the plaintiff.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., for the defendant.

WALLACE, District Judge.

The plaintiff, Joseph F. Birge, brings this action to determine whether or not he is entitled to have a disability income clause added to his policy of National Service Life Insurance. The case has been submitted to this court upon the following stipulation of facts.

1. Plaintiff applied for and was issued $5,000 in National Service Life Insurance under Certificate N–2904389 effective July 1, 1942, and an additional $5,000 under Certificate N–7087418 effective November 1, 1942. This insurance lapsed and was re-instated upon insured's application forwarded under postmark date of May 2, 1944.

2. The insurance was kept in force until October 17, 1946, upon which date the insured made application on the form furnished by the Veterans Administration for the addition of disability income provisions to his contract and authorized on Form 887 the deduction of all premiums from disability compensation of which he was then in receipt, pursuant to the advice of the contact representative of the Veterans Administration.

3. Plaintiff was in receipt of disability compensation in an amount sufficient to cover the deduction authorized at the time he filed his application for the addition of disability income provisions to his contract and authorized the deduction therefrom of premiums.

4. This authorization to deduct premiums included premiums necessary to maintain the protection of the total disability provisions for which application was being made.

5. The Veterans Administration did not put the authorization into effect.

6. Plaintiff was less than totally disabled as a result of disabilities actually incurred in, or aggravated by, active service at the time he applied for the addition of disability income provisions to his insurance contracts.

7. On March 14, 1947, plaintiff protested by letter to the Director, Insurance Division, St. Louis, failure to act on his application and to deduct premiums from compensation.

8. On December 2, 1947, the Veterans Administration rejected the insured's application assigning as a reason therefor persistent albuminuria. A physical examination of the insured in his C–file, made on January 4, 1945, and February 3, 1947, showed a heavy and faint trace of albuminuria respectively and physical examina-

tions for insurance also showed a faint trace.

9. The application for total disability benefit was accompanied by a medical examination made by Dr. L. H. Charney of Oklahoma City, Oklahoma, on October 17, 1946.

10. On December 5, 1947, the Director, Insurance Service, St. Louis, Missouri, informed the plaintiff that

"Under existing regulations disabilities incurred in line of duty may be waived if less than total in degree; however, an applicant must meet good health requirements in other respects. Inasmuch as you appear to be suffering from persistent albuminuria, which condition is not rated as service connected, it has been necessary to reject your application for the total disability income provision."

11. In January, 1948, the two monthly premiums tendered with his application for disability benefits were refunded.

12. On March 23, 1948, the Director of Insurance Service, St. Louis office of the Veterans Administration, wrote insured stating:

"While for compensation purposes, you have been given service connection for your heart condition because it was incurred during your period of military service, hypertension and coronary arteriosclerosis, myocardial damage and tachcardia, complicated by persistent albuminuria would not be considered as having been incurred in combat or actual performance of military duty, which is required under existing legislation if disabilities are to be waived for insurance purposes."

13. On August 12, 1948, Dr. Allen G. Gibbs, M. D., Oklahoma City, Oklahoma, made the following certification:

"To Whom It May Concern:

"This is to certify that I am attending Mr. Joseph F. Birge and he has been diagnosed as arteriosclerotic heart disease, with hypertension.

"It is my opinion that any evidence of kidney damage, such as albuminuria, is result of his hypertension and arteriosclerosis."

14. The insured appealed from the decision of rejection to the Administrator of Veterans Affairs on August 14, 1948.

15. On August 24, 1948, the Government, having failed to deduct premiums as authorized by the insured, notified the insured that it would be necessary for him to file a new application for benefits since further premiums were not paid.

16. On September 1, 1948, the insured wrote the Director of Insurance at St. Louis as follows:

"Reference is made to my recent letter together with Form P9 requesting that my claim for the total disability benefits be appealed to the board of Veterans Appeals. Since this letter was written while I was under stress of a second occlusion, I wish that the letter be disregarded. I accept your decision & hereby withdraw my claim for appeal. As I am now recovering In Will Rogers Hospital I do not wish to be bothered with this matter any further."

17. The file fails to disclose an acknowledgment of the receipt of the insured's letter of September 1, 1948, or any action upon the appeal Form P-9.

18. On the effective dates of both the policies in 1950 they were renewed for an additional term pursuant to existing statutes, on the basis of the determination that the insured was totally disabled at the expiration of the terms of such policies. This determination was made on February 27, 1951, by the Disability Insurance Claims Division of the St. Louis District Office which held that the insured was totally disabled for insurance purposes from February 8, 1948, continuing. This decision was predicated upon informal application for waiver of premiums filed by the insured on August 25, 1950, and formal application on November 4, 1950.

 It is elementary that the United States can be sued only in such instances wherein the Congress has given express

statutory authority. In United States v. Fitch,[1] Judge Pickett said:

"The United States may be sued only in cases plainly within the terms of the authorizing statute and the courts cannot go beyond the letter of the consent given. [Citing cases.] Statutes waiving the immunity to suit are strictly construed and Congress may grant the right with whatever restrictions it deems proper. [Citing cases.] The courts have jurisdiction of only those cases which clearly come within the permission statutes and no representative of the United States has the power to waive these conditions or limitations. * * *"

The plaintiff brings this action relying upon 38 U.S.C.A. § 817 which provides:

"In the event of disagreement as to any claim arising under this chapter, suit may be brought in the same manner, and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title. As amended July 11, 1942, c. 504 § 6, 56 Stat. 659; Aug. 1, 1946, c. 728 § 14, 60 Stat. 788."

A close reading of this statute raises a most serious question on whether under the stipulated facts in this case a "disagreement as to any claim arising under this chapter" exists so as to confer jurisdiction upon this court.

Unquestionably this court can consider any dispute based upon a policy in full force and effect. Likewise, it is equally clear that this court cannot consider an action brought to compel the reinstatement of a lapsed policy,[2] nor an action brought to compel the issuance of a new policy,[3] inasmuch as this court's jurisdiction is predicated upon a claim in connection with a valid existing policy.

1. 10 Cir., 1950, 185 F.2d 471, 474.

2. In Taft v. United States, 2 Cir., 1942, 127 F.2d 876 the court held that even if the beneficiary on a war risk policy might have had an action against director of Veterans' Bureau to compel director to discharge his duty in regard to reinstatement of policy, beneficiary could not sue United States in an action on the policy which had lapsed before insured's death, and which had not been reinstated by director at time of insured's death, notwithstanding that insured had allegedly posted his application for reinstatement; under statute authorizing court action in event of disagreement as to claim on a war risk policy, no action lay against the United States except one brought upon a policy which had not lapsed and needed no reinstatement.

Cf. Meadows v. United States, 1930, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852, wherein the court held that the District Court to be without jurisdiction to review a decision of the Director of the Veterans' Bureau, denying an application for reinstatement of a lapsed policy on the ground that the applicant, at the time of making the application, was totally and permanently disabled; and, that section 19 of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A., § 445, which confers jurisdiction upon the District Courts to hear and determine controversies arising out of claims under contracts of insurance in the event of disagreement between the Bureau and claimants, does not apply to a claim for reinstatement of a lapsed policy.

Distinguish, where soldier made application for National Service Life Insurance, and at same time executed an authorization of allotment authorizing deduction from service pay for payment of premiums on policy and where Army or Veterans' Administration failed to make deductions for payment of premiums. Such negligence did not prevent the beneficiary from bringing suit and collecting the amount of policy coverage. (The beneficiary was required, of course, to pay the unpaid premiums.) Patterson v. United States, D.C.Tenn.1949, 85 F. Supp. 541.

Contra, Unger v. United States, D.C. Ill.1948, 79 F.Supp. 281.

3. Statute, 38 U.S.C.A. § 817, permitting suits in Federal District Courts against the United States with respect to claims arising under contracts of insurance was not applicable in action by war veteran to compel issuance of national service life insurance policy *since complaint was not based on presently effective contract of insurance.* Schilling v. United States, D.C.Mich.1951, 101 F.Supp. 525.

■ The plaintiff takes the position that inasmuch as a valid policy is admittedly in existence that such policy sustains this court's jurisdiction; and that consequently this court can delve into the question of whether the representative of the Veterans Administration rightly refused the plaintiff's application to enlarge the policy coverage to include payment in the event of total disability. However, it appears to this court that such a controversy is more nearly analogous to the question of reinstatement or the original issuance of a policy rather than a "disagreement as to any claim" under the policy. Actually, a request for an endorsement enlarging the policy coverage together with increasing the size of the insurance premium in its last analysis is nothing but a request for new insurance.

■ The amended complaint asks for relief in the alternative under the Declaratory Judgment Act.[4] Inasmuch as this act is procedural in nature and merely offers an additional form of relief where the jurisdictional requirements are otherwise met, such act gives no independent jurisdictional aid to the plaintiff's cause.[5]

■ Another outstanding factor in the instant case which is closely interwoven within the question of jurisdiction is that although a declaratory judgment is requested, the plaintiff in substance is requesting this court to compel the Veterans Administration to issue insurance as required by law. Such relief, regardless how worded and requested, is unmistakably in the nature of mandamus. Although concededly this court has the power of mandamus and similar writs to aid the court in the execution of its orders and judgments, such power only exists as an incident to independent jurisdiction. The Federal district courts, with the exception of the District of Columbia, have no general authority to entertain original suits for mandamus, the mandamus authority being strictly ancillary in nature and completely dependent upon separate jurisdiction.[6]

In Schilling v. United States the court said:[7]

"This District Court is without jurisdiction to consider this action for coercive relief against the United States, whether by a writ of mandamus or by any other form of writ. Except when necessary to the exercise of their jurisdiction, Congress has not granted the United States District Courts, outside of the District of Columbia, jurisdiction to issue a writ in the nature of mandamus, except in designated cases of which this is not one. [Citing cases.] * * *"

In Huddleston v. Dwyer, Judge Bratton said:[8]

"The remedy in the United States courts in a case of this kind is ancillary. The writ is issuable only after the right has ripened into judgment. [Citing cases.] But it does not confer new authority and cannot be invoked to compel the exercise of power which does not exist otherwise. * * *"

---

4. 28 U.S.C.A. §§ 2201, 2202.

5. Fredericks v. Rossel, D.C.N.Y.1950, 95 F.Supp. 754; Schilling v. United States, fn. 3 supra.

6. Palmer v. Walsh, D.C.Or.1948, 78 F. Supp. 64; Fredericks v. Rossel ibid. In Ginelli v. United States, D.C.Mass. 1950, 94 F.Supp. 874 the plaintiff brought an action against the United States to revive a lapsed insurance policy issued under the National Service Life Insurance Act, and to recover the benefits of that policy. The defendant filed a motion to dismiss. The District Court in holding that it did not have jurisdiction to entertain the action said 94 F. Supp. at page 874: "This action is not an action under a contract of insurance but is, rather in the nature of an action to compel the defendant to be an insurer. This Court does not have jurisdiction to entertain such an action, for if an action in the nature of mandamus could be brought against the Administrator of Veterans Affairs, the Administrator would have to be served personally within this district in order for this Court to have jurisdiction. * * *" Cf. John C. Winston Co. v. Vaughan, D.C.Okl.1935, 11 F.Supp. 954, affirmed 10 Cir., 83 F.2d 370; United States v. Lee, D.C.Okl.1941, 48 F.Supp. 63.

7. Fn. 3 supra, 101 F.Supp. at page 527.

8. 10 Cir., 1944, 145 F.2d 311, 315.

In Fredericks v. Rossell,[9] in an action for judgment declaring rights of a veteran who was discharged from his federal civil service position, and for order reinstating veteran to his position in federal civil service pending disposition of action, it was held that the complaint, insofar as it alleged dismissal from office and prayed for reinstatement, sought relief in nature of mandamus and was incompatible with the jurisdiction of the Federal district court. The court reiterated the general rule that it had no general authority to entertain an original suit for mandamus.

In the light of the observations just made the court is of the opinion that it is without jurisdiction in this case because, (1) this is not in fact an action based upon a "disagreement as to any claim arising under" an existing policy, and, (2) this action by nature is one calling for the exercise of mandamus authority although nominally one for a declaration of the rights of the parties; thus where there is a failure to establish independent jurisdiction the plaintiff in reality has requested this court to exercise an original mandamus authority with which it is not vested.

The court is further of the opinion that even if jurisdiction did lie that under the stipulated facts the plaintiff is not entitled to recover on the merits of the case.

 The plaintiff asserts that the representative of the Administrator violated Section 802(c)(2)[10] when he refused to issue the total disability endorsement. In part this section provides:

"* * * the Administrator shall not deny, for the purposes of this section or sections 803–805, 806–818 of this title, that the applicant is in good health because of any disability or disabilities, less than total in degree, re-

sulting from or aggravated by such active service. * * *"

However, not to be overlooked is the authority vested in the Administrator, or his representative by Section 802(v)(1) which states:

"The Administrator is authorized and directed, *upon application by the insured and proof of good health satisfactory to the Administrator* and payment of such extra premium as the Administrator shall prescribe, to include in any national service life-insurance policy on the life of the insured provisions whereby an insured who is shown to have become totally disabled for a period of six consecutive months or more commencing after the date of such application and before attaining the age of sixty * * *." (Emphasis supplied.)

Thus as in many official administrative positions established by the Congress a considerable amount of discretion is placed in the administrator, or his representative; and, the applicant must make the "proof of good health satisfactory to the Administrator." A certain presumption exists that the administrative officer went into the question thoroughly and in good faith to determine whether or not the plaintiff qualified for this added insurance. This court in reviewing such a decision cannot in effect reweigh the evidence, trying this issue de novo. Although the particular ailments upon which the administrative officer relied appear to this court to be very closely related to the service connected disability to reverse this finding the court must rule that there is no "substantial evidence" to support the finding.[11] This court has the greatest feeling of sympathy for the plaintiff-veteran in this case but as a matter of law cannot find in favor of the plaintiff in-

9. Fn. 5 supra.

10. 38 U.S.C.A. § 802(c)(2).

11. See Taft v. United States fn. 2, supra, 127 F.2d at page 877 where L. Hand said: "* * * It is true that Meadows v. United States, * * * did not concern quite the same situation: the director had considered the application but

he thought the insured 'totally and permanently disabled.' *Thus, in order to succeed, the insured had to upset a finding made by the director, and the court might have rested upon the finality of his decision unless there was no 'substantial evidence' to support it.* * * *" (Emphasis supplied.)

asmuch as although the finding of the official is debatable there certainly is "substantial evidence" to support his finding; and such being the case the finding that the plaintiff's disqualifying disabilities were not service-connected must be left undisturbed.

In view of the failure of jurisdiction as outlined earlier in this opinion, this action shall be dismissed.